PALAU ET AL., PETITIONERS, *v.* LÓPEZ, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* directed to the District Court of Humacao.

No. 97.—Decided January 17, 1913.

CERTIORARI—STAY OF PROCEEDINGS—ORDER TO STAY—BANKRUPTCY.—In accordance with section 11 of the Federal Bankruptcy Act, an order in general terms to stay all pending suits or any which may be brought subsequently against a bankrupt is erroneous; it is necessary that each particular case to be stayed shall be specifically mentioned in the order.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for petitioners.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

A petition having been presented to this court by José Palau Olivas and Ramona Rucabado Vázquez for a writ of *certiorari* directed to the Judge of the District Court of Humacao with the object of having this court review the proceedings in an action brought by them in said district court according to the provisions of the Mortgage Law for the recovery of the amount due on a mortgage, the original record was brought up and a hearing held at which only the attorney for the petitioners appeared.

From the record received it appears that a complaint accompanied by several documents having been filed by José Palau Olivas and Ramona Rucabado Vázquez in the District Court of Humacao on August 15, 1912, against the firm of Solá & Son for the recovery of the amount due on a mortgage, said complaint praying judgment for such payment against Marcelino Solá Rodríguez as managing partner of said firm,

said court by an order dated November 18, 1912, decreed a stay of the proceedings begun by José Palau Olivas and Ramona Rucabado Vázquez and of any process solicited therein on the ground that on August 12, 1912, the District Court of the United States for Porto Rico issued an order to said District Court of Humacao commanding the suspension of all actions affecting Solá & Son, Solá & Son, Lt'd, Marcelino A. Solá, and Marcelino Solá, pending the decision of cases Nos. 61, 64 and 65 in bankruptcy, said order of the District Court of Humacao staying said proceedings to remain in effect until the decision of said cases in bankruptcy or until further order. Such is the record sent up to this court.

Therefore the District Court of Humacao having decided not to proceed with the action brought by the petitioners and that the same be suspended until after the decision of the bankruptcy cases referred to in its order or until the further order of the United States District Court for Porto Rico, the question to be decided is whether or not the order of the District Court of Humacao staying the proceedings was made in accordance with the law.

Paragraph (*a*) of section 11 of the Bankruptcy Act reads as follows:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such a discharge is determined."

This enactment, which applies as well to actions pending at the time of the filing of the petition in bankruptcy, whether voluntary or involuntary, (*In re Geister* [N. D. Ia.,1889] 97 Fed. Rep., 322, 3 Am. Bankr. Rep., 228) as to those instituted

after the filing of said petition (*In re Basch* [S. D. N. Y. 1889] 97 Fed. Rep., 761, 3 Am. Bankr. Rep., 235; *In re Hicks,* 133 Fed. Rep., 739, 13 Am. Bankr. Rep., 654), does not provide that when a petition is filed or an adjudication is made all actions against the bankrupt must necessarily be stayed, but only such suits as are based upon a claim from which a discharge in bankruptcy if granted would be a release. It is necessary, therefore, that the court should determine in each case pending or brought after the filing of the petition whether or not it is to be stayed. *New River Coal Land Co.* v. *Ruffner,* (C. C. A. 4th Cir. 1908) 165 Fed. Rep., 881, 21 Am. Bankr. Rep., 474; *Wagner* v. *United States* (C. C. A. 6th Cir. 1900), 104 Fed. Rep., 133, 4 Am. Bankr. Rep., 596; *Knott* v. *Putnam* (D. C. Vt. 1901) 107 Fed. Rep., 907, 6 Am. Bankr. Rep., 80.

Therefore, an order in general terms to stay all suits of all kinds pending or which may be brought subsequently is not sufficient; the order to stay must have reference to each particular case to be stayed. And inasmuch as in this case the United States District Court for Porto Rico, the court having exclusive jurisdiction in bankruptcy cases, has not ordered the stay of the action brought by José Palau Olivas and Ramona Rucabado Vázquez, and the District Court of Humacao has not decreed such stay on the petition of any of the parties in interest, the said District Court of Humacao committed an error in decreeing the stay of said action without having complied with the above-mentioned requisites and in failing to act upon the petition filed by said parties in accordance with law.

The order of the District Court of Humacao dated November 18, 1912, should be set aside and the record returned for such action as may be proper.

*Petition granted.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.